FRED M. PLEVIN (SBN 126185)
AARON A. BUCKLEY (SBN 202081)
NICHOLAS P. BANEGAS (SBN 303581)
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISHA RUSSELL, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland corporation; and DOES 2-20, inclusive,<br><br>Defendants. | Case No. **'17CV0672 JLS WVG**<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant, Government Employees Insurance Company ("Defendant"), hereby removes this action from the Superior Court of California for the County of San Diego, to this Court. The state court action is a civil action over which this Court has original jurisdiction under 28 USC § 1331 (federal question), and is one that may be removed to this Court by Defendant pursuant to the 28 USC § 1441.

/ / /

/ / /

# I.
# CASE HISTORY

1. On December 23, 2015, Plaintiff Marisha Russell (hereinafter "Plaintiff") filed an action in the Superior Court of the State of California for the County of San Diego entitled *Russell v. Geico General Insurance Company, et al.*, and assigned Case Number 37-2015-00042792-CU-BT-CTL.

2. On or about January 19, 2016, the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, and ADR Information Packet were served on Defendants GEICO General Insurance Company and GEICO Insurance Agency, Inc. A true and correct copy of the Complaint and supporting documents is attached as **Exhibit A**.

3. On February 18, 2016, Defendants GEICO General Insurance Company and GEICO Insurance Agency, Inc. filed an Answer to Plaintiff's Complaint in State Court. A true and correct copy of the Answer is attached hereto as **Exhibit B**.

4. On April 5, 2016, Plaintiff filed an Amendment to the Complaint identifying DOE 1 as Government Employees Insurance Company. A true and correct copy of the Amendment is attached as **Exhibit C**.

5. On April 12, 2016, the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, ADR Information Packet, and Notice and Acknowledgement of Receipt form were served on Defendant Government Employees Insurance Company. A true and correct copy of the Notice and Acknowledgment of Receipt, filed on April 20, 2016 is attached as **Exhibit D**.

6. On April 20, 2016, Plaintiff filed the Proof of Service of Summons. A true and correct copy of this Proof of Service is attached as **Exhibit E**.

7. On May 17, 2016, Defendant Government Employees Insurance Company filed an Answer to Plaintiff's Complaint in State Court. A true and correct copy of the Answer is attached as **Exhibit F**.

8. On July 29, 2016, Plaintiff filed a Case Management Statement. A true and correct copy of this Case Management Statement is attached as **Exhibit G**.

9. On August 4, 2016, Defendants filed a Case Management Statement. A true and correct copy of this Case Management Statement is attached as **Exhibit H**.

10. On August 18, 2016, Plaintiff filed a Notice of Payment of Advance Jury Fee. A true and correct copy of this Notice is attached as **Exhibit I**.

11. On August 19, 2016, the Court issued a Minute Order for the Case Management Conference held on that date. A true and correct copy of this Minute Order is attached as **Exhibit J**.

12. On January 19, 2017, Plaintiff filed Plaintiff's Notice of Association of Counsel. A true and correct copy of this Notice is attached as **Exhibit K**.

13. A Joint Stipulation Granting Plaintiff Leave to File a First Amended Complaint was filed on February 14, 2017. A true and correct copy of this Stipulation is attached as **Exhibit L**.

14. On February 16, 2017, the Court issued an Order Granting the Joint Stipulation Regarding Plaintiff's Leave to File a First Amended Complaint. A true and correct copy of this Order is attached as **Exhibit M**.

15. On March 3, 2017, Defendant was served with the First Amended Complaint (the "FAC"). The FAC asserts a claim for a nationwide Collective Action under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA") which was absent from the original complaint. Defendant Government Employees Insurance Company is the only Defendant named in the FAC. A true and correct copy of the First Amended Complaint is attached hereto as **Exhibit N**.

16. On March 6, 2017, the parties file a Joint Stipulation and Order Granting Defendant GEICO General Insurance Company additional Time to Respond to Plaintiff's First Amended Complaint. A true and correct copy of this Stipulation and Order is attached as **Exhibit O**.

## II.
## FEDERAL QUESTION JURISDICTION

8. Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court has original jurisdiction to decide this matter under 28 U.S.C. § 1331, and this matter is one that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441 in that Plaintiff's civil action arises under, and is founded on, alleged violations of the FLSA.

9. Removal to this Court for federal question jurisdiction requires that the federal question be supported by a "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson* (1986) 478 US 804, 807–808. In essence, the grounds for removal must be apparent on the face of the complaint. *Id.* Here, Plaintiff has specifically alleged that GEICO "unlawfully retained wages and other benefits" in violation of "the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*" (*See* Exhibit F at ¶ 1.) Accordingly, the face of the Complaint demonstrates the applicable federal question.

## III.
## SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

10. This Court has supplemental jurisdiction over Plaintiff's related state law wage claims. As long as the Complaint sets forth at least one claim arising under federal law, this Court may exercise supplemental jurisdiction to adjudicate those state law claims that "form part of the same case or controversy[.]" 28 U.S.C. § 1367(a); *see also* 28 U.S.C. § 1441(c). State law claims fall within the Court's supplemental jurisdiction when they share "a common nucleus of operative fact" with the federal claims, such that the Plaintiff "would ordinarily be expected to try them all in one judicial proceeding[.]" *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

11. Here, all of Plaintiff's claims arise out of a common nucleus of operative facts – *i.e.*, that she was not properly paid all wages earned for the work she performed while employed by GEICO. (*See* Exhibit F at ¶¶ 36-48.) The fact that Plaintiff re-alleges, and incorporates by reference, all preceding allegations in each cause of action leaves no doubt that all of Plaintiff's claims arise out of a common nucleus of operative facts. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state-based claims do not raise novel or complex issues of state law. Nor do they predominate over the FLSA claim by which this Court has original jurisdiction. In addition, there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Accordingly, removal is proper under 28 U.S.C. § 1441(c), and this Court may exercise supplemental jurisdiction over each of the Plaintiff's remaining state law claims.

WHEREFORE, Defendant prays the above action now pending against it in the Superior Court of the state of California for the County of San Diego be removed therefrom to this Court.

Dated: April 3, 2017

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By:    */s/ Aaron A. Buckley*
FRED M. PLEVIN
AARON A. BUCKLEY
NICHOLAS P. BANEGAS
Attorneys for Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY

# PROOF OF SERVICE

***Russell v. Government Employees Insurance Company***
**U.S. District Court, Southern District of California**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On April 3, 2017, I served true copies of the following document(s) described as

**NOTICE OF REMOVAL**

on the interested parties in this action as follows:

| | |
|---|---|
| Craig M. Nicholas<br>Alex M. Tomasevic<br>Lacy Wells<br>Nicholas & Tomasevic, LLP<br>225 Broadway, 19th Floor<br>San Diego, CA 92101<br>Telephone: 619-325-0492<br>Facsimile: 619-325-0496<br>E-Mail: cnicholas@nicholaslaw.org<br>atomasevic@nicholaslaw.org<br>lwells@nicholaslaw.org<br><br>Attorneys for Plaintiff Marisha Russell | Noam Glick<br>Kelsey McCarthy<br>Glick Law Group, P.C.<br>225 Broadway, Suite 2100<br>San Diego, CA 92101<br>Telephone: (619) 382-3400<br>Facsimile: (619) 615-2193<br>E-Mail: nglick@yahoo.com<br>kelsey@glicklawgroup.com<br><br>Attorneys for Plaintiff Marisha Russell |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List, with postage thereon fully prepaid. I placed each such envelope or package for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 3, 2017, at San Diego, California.

_____
Wendy Roan

# TABLE OF CONTENTS

| Exhibit | Description | Page No. |
|---|---|---|
| A | Complaint and supporting papers filed on January 19, 2016 | 1-40 |
| B | Answer filed by defendants GEICO General Insurance Company and GEICO Insurance Agency, Inc. on February 18, 2016 | 41-45 |
| C | Plaintiff's Amendment to the Complaint filed on April 5, 2016 | 46-49 |
| D | Notice and Acknowledgment of Receipt of Complaint and supporting papers served on defendant Government Employees Insurance Company April 20, 2016 | 50-51 |
| E | Plaintiff's Proof of Service of Summons filed April 20, 2016 | 52-54 |
| F | Answer filed by Defendant Government Employees Insurance Company filed May 17, 2016 | 55-59 |
| G | Case Management Statement filed by plaintiff on July 29, 2016 | 60-67 |
| H | Case Management Statement filed by defendants on August 4, 2016 | 68-74 |
| I | Plaintiff's Notice of Payment of Advance Jury Fee filed on August 18, 2016 | 75-76 |
| J | Minute order issued by the Superior Court on August 19, 2016 | 77-79 |
| K | Plaintiff's Notice of Association of Counsel filed January 19, 2017 | 80-84 |
| L | Joint Stipulation Granting Plaintiff Leave to File a First Amended Complaint filed February 14, 2017 | 85-177 |
| M | Order granting Joint Stipulation Granting Plaintiff Leave to File a First Amended Complaint February 16, 2017 | 178-180 |
| N | First Amended Complaint served on March 3, 2017 | 181-272 |
| O | Joint Stipulation and Order Granting Defendant additional time to respond to plaintiff's first amended complaint filed March 6, 2017 | 273-278 |